IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-02180-WJM-KMT

OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,

    Plaintiff,

v.

TREEFROG DEVELOPMENTS INC. d/b/a LIFEPROOF, a Delaware Corporation,

    Defendant.

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Otter Products, LLC ("OtterBox"), by and through its undersigned attorneys, for its First Amended Complaint against Treefrog Developments Inc. d/b/a LifeProof ("LifeProof") states as follows:

## PARTIES

1.    Plaintiff OtterBox is a Colorado limited liability company with its principal place of business at 209 S. Meldrum Street, Fort Collins, Colorado 80521.

2. Upon information and belief, Defendant LifeProof is a Delaware Corporation with a principle place of business at 4719 Viewridge Ave. Suite 150, San Diego, California 92123.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*

4. This court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1338, 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400 because LifeProof is engaged in the regular, continuous, and systematic transaction of business in this judicial district, including the distribution, sale, and/or offer for sale of the Infringing Case through its website. This Court also has specific jurisdiction over LifeProof as LifeProof has sold infringing products in this judicial district.

## OTTERBOX & THE TECHNOLOGY AT-ISSUE

6. OtterBox was founded by current CEO Curtis ("Curt") Richardson in his garage in Ft. Collins, Colorado. In that garage, Mr. Richardson created a first of its kind prototype of a waterproof case. The OtterBox waterproof product line was a rapid success, and soon OtterBox was creating waterproof cases as well as specially designed cases for electronic products that allow users to protect their devices without sacrificing access to the device's controls or hampering the use of the device.

7. OtterBox was then and is now known as a leading innovator in device

protection and interaction. In 2010 alone, OtterBox won National Geographic's "Gear of the Year Award" the United States' Postal Services' "Creative Business Solutions Award" and TESSCO Technology's "Innovator Award."

8. The OtterBox inventions at-issue pertain to innovations tracing back to OtterBox's roots: waterproof protective devices. OtterBox products based on and stemming from the waterproof patent family have won many awards, including "Best of WES" (Wireless Exposition Symposium) (2006) and "Editor's Choice" from Best of PC Magazine (2006).

9. The asserted OtterBox patents claim groundbreaking innovations that teach the design, manufacture, and use of electronic devices that are water-resistant and impact-resistant but still allow full sensory interaction with and use of the enclosed device. OtterBox's innovations solved long-standing problems and its products were and are incredibly well-received in the market place and copied with an astonishing regularity.

## OTTERBOX'S INTELLECTUAL PROPERTY

10. On February 7, 2006 United States Patent No. 6,995,976 ("the '976 Patent"), entitled "Protective Membrane For Touch Screen Device," was duly and legally issued to Curtis R. Richardson. A true and correct copy of the '976 Patent is attached as **Exhibit A**.

11. The '976 Patent is enforceable and, pursuant to 35 U.S.C. § 282, carries a statutory presumption of validity.

12. By assignment, OtterBox owns all rights, title, and interests in the '976 Patent, including, without limitation, the right to enforce this patent and

collect damages for its infringement.

13. On October 27, 2009, United States Patent No. 7,609,512 ("the '512 Patent"), entitled "Protective Enclosure For Electronic Device," was duly and legally issued to Curtis R. Richardson and Alan Morine. A true and correct copy of the '512 Patent is attached as **Exhibit B**.

14. The '512 Patent is enforceable and, pursuant to 35 U.S.C. § 282, carries a statutory presumption of validity.

15. By assignment, OtterBox owns all rights, title, and interests in the '512 Patent, including, without limitation, the right to enforce this patent and collect damages for its infringement.

16. On January 2, 2007, United States Patent No. 7,158,376 ("the '376 Patent"), entitled "Protective Enclosure For An Interactive Flat-Panel Controlled Device," was duly and legally issued to Curtis R. Richardson et. al. A true and correct copy of the '984 Patent is attached as **Exhibit C**.

17. The '376 Patent is enforceable and, pursuant to 35 U.S.C. § 282, carries a statutory presumption of validity.

18. By assignment, OtterBox owns all rights, title, and interests in the '376 Patent, including, without limitation, the right to enforce this patent and collect damages for its infringement.

## FIRST CLAIM FOR RELIEF
### Infringement of U.S. Patent No. 6,995,976

19. OtterBox incorporates by reference paragraphs 1 through 18 as if set forth in their entirety.

20. LifeProof is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the "iPhone 4 LifeProof Case" ("the Infringing Case").

21. LifeProof's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Infringing Case constitutes direct infringement of the '976 Patent, in violation of 35 U.S.C. § 271(a).

22. LifeProof's infringement of the '976 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

23. LifeProof's infringement of the '976 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law. Defendant's infringement will continue unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### Infringement of U.S. Patent No. 7,609,512

24. OtterBox incorporates by reference paragraphs 1 through 23 as if set forth in their entirety.

25. LifeProof's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Infringing Case constitutes direct infringement of the '512 Patent, in violation of 35 U.S.C. § 271(a).

26. LifeProof's infringement of the '512 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

27.     LifeProof's infringement of the '512 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law.  Defendant's infringement will continue unless enjoined by this Court.

## THIRD CLAIM FOR RELIEF
### Infringement of U.S. Patent No. 7,158,376

28.     OtterBox incorporates by reference paragraphs 1 through 27 as if set forth in their entirety.

29.     LifeProof's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Infringing Case constitutes direct infringement of the '376 Patent, in violation of 35 U.S.C. § 271(a).

30.     LifeProof's infringement of the '376 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

31.     LifeProof's infringement of the '376 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law.  Defendant's infringement will continue unless enjoined by this Court.

## DEMAND FOR JURY TRIAL

32.     OtterBox hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, OtterBox prays as follows on all claims:

A. For a temporary restraining order, and preliminary and permanent injunctions enjoining and restraining LifeProof, and all related entities or persons acting in concert with them, from manufacturing, selling, or offering for sale the Infringing Case;

B. For an award of OtterBox's damages as appropriate under the patent laws of the United States, comprising:

    (i) Lost profits, in an amount to be ascertained at trial;

    (ii) A reasonably royalty, in an amount to be ascertained at trial;

    (iii) Treble damages;

C. For its reasonable attorneys' fees and costs; and

D. For such other and further relief as the Court deems just and proper.

DATED: November 30, 2011        TURNER BOYD LLP

/s Rachael D. Lamkin
**Rachael D. Lamkin**
Karen I. Boyd
James W. Beard
lamkin@turnerboyd.com
boyd@turnerboyd.com
beard@turnerboyd.com

2570 W. El Camino Real, Suite 380
Mountain View, CA 94040
Telephone: (650) 521-5939
Facsimile: (650) 52105931

*Attorneys for Otter Products, LLC, d/b/a OtterBox*

# Exhibit A

United States Patent No. 6,995,976

# Exhibit B

United States Patent No. 7,609,512

# Exhibit C
United States Patent No. 7,158,376