## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Magistrate Judge Kathleen M. Tafoya

| | |
|---|---|
| **Civil Action No.** 11-cv-02180-WJM-KMT | FTR - Courtroom C-201 |
| **Date:** August 8, 2012 | Deputy Clerk, Nick Richards |

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company, | Julie Sandra Turner |
| Plaintiff, | |
| v. | |
| TREEFROG DEVELOPMENTS INC. d/b/a LIFEPROOF, a Delaware Corporation, | Garret Alan Leach<br>Ian Richard Walsworth<br>Rachel Nicole Farrington |
| Defendant. | James Nolan |

## COURTROOM MINUTES / MINUTE ORDER

**MOTION HEARING**
**Court in session: 1:37 p.m.**
Court calls case.  Appearances of counsel.

Motion Hearing called regarding Defendant Lifeproof's Motion to Compel Discovery from Otterbox [Doc. No. 64, filed July 3, 2012] and Defendant Lifeproof's Motion to Retain Confidentiality of Designated Documents [Doc. No. 66, filed July 5, 2012].

Oral argument from defendant.
Oral argument from plaintiff.

It is **ORDERED**:    Defendant Lifeproof's Motion to Compel Discovery [64] is **GRANTED IN PART AND DENIED IN PART**.

The motion is **GRANTED** as to the deposition of Mr. Matthew Firks. Defendant Lifeproof has designated Mr. Firks as one of the limited number of persons for whom they are requesting emails and other electronically stored documents.  Therefore, all documents requested, including emails relating to Mr. Firks as discussed on the record, are due to defense counsel on or before August 13, 2012. Once documents production has been made, the parties shall confer on a date for the deposition of Mr. Firks.  The deposition will be noticed by the Defendant in accordance with law.

>The motion is **DENIED** as to Request for Admissions Nos. 1-44. The objections to the requests are granted and responses are not required. To the extent Defendant wishes to renew any of the requests subsequent to the ruling has been made on claim construction, this order is without prejudice to raising the issues aat that time.

Defendant's counsel informs the court they have agreed to withdraw the motion to compel with respect to Interrogatory No. 4 in exchange for plaintiff's acknowledgment they will not seek loss profit damages in this matter. Plaintiff's counsel informs the court they answered Interrogatory No. 4 and therefore the motion as to that interrogatory is considered moot, but the interrogatory itself cannot be withdrawn and will be counted against Defendant's numbers. Interrogatory Nos. 11 and 12 have been resolved based on responses provided after the filing of the motion. Interrogatory No. 13 has been answered and will be supplemented further by plaintiff.

>The motion as to Interrogatory No. 9 is **GRANTED**. Plaintiff shall supplement the interrogatory by identifying the "first-sale dates" for each of the products which have been previously identified as potentially relevant to the request.

It is **ORDERED**:   The Scheduling Conference currently set for August 23, 2012 at 9:30 a.m. is **VACATED**. The Scheduling Conference is hereby **RESET** for September 27, 2012 at 9:30 a.m. Parties may attend the Scheduling Conference telephonically by filing a motion.

It is **ORDERED**:   Defendant Lifeproof's Motion to Retain Confidentiality of Designated Documents [66] is **HELD IN ABEYANCE** pending further briefing. Defendant's shall file more specific briefing on this matter on or before August 20, 2012 under Restriction - Level 3, the court's eyes only. In spite of the filing level, the specific briefing will be copied to the Plaintiff and will be considered submitted with confidentiality designation "Confidential - Attorney's Eyes Only. Plaintiff shall respond on or before September 3, 2012 and may utilize the same restrictions upon filing and copying if necessary.

**Court in Recess: 3:24 p.m.**
Hearing concluded.
Total In-Court Time    01:47

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.