**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02180-WJM-KMT

(Consolidated with Civil Action No. 1:12- cv-03115-WJM-KMT)

OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,
    Plaintiff,

v.

TREEFROG DEVELOPMENTS, INC. d/b/a LIFEPROOF, A Delaware Corporation,

    Defendant.
_____

**ORDER GRANTING MOTION TO CONSOLIDATE 1:11-CV-02180 AND 12-CV-03115**
_____

    This matter is before the Court on Plaintiff Otter Products, LLC's ("OtterBox's") Motion to Consolidate ("Motion"). (ECF No. 116.) Pursuant to Federal Rule of Civil Procedure 42(a) and D.C.Colo.LCivR 6.1 and 42.1, Plaintiff moves to consolidate *Otter Products, LLC v. TreeFrog Developments Inc.*, Civil Action No. 1:11-cv-02180-WJM-KMT (**"OtterBox I"**) with *Otter Products, LLC v. TreeFrog Developments Inc.*, Civil Action No. 1:12- cv-03115-WJM-KMT (**"OtterBox II"**).

    Defendant Treefrog Developments Inc. d/b/a LifeProof ("LifeProof") has filed a Response to the Motion (ECF No. 123), and OtterBox has filed a Reply (ECF No. 124). The Motion is ripe for adjudication, and having reviewed the relevant materials in both actions, the Court grants Plaintiff's Motion to Consolidate.

## I. BACKGROUND

Plaintiff asserts three patents against Defendant for patent infringement.  These patents were asserted in OtterBox I with the filing of the Complaint on August 21, 2011.  (ECF No.1.)  The patents include: U.S. Patents No. 6,995,976 (**"976 patent"**); U.S. Patents No. 7,609,512 (**"512 patent"**); and U.S. Patents No. 7,158,376 (**"376 patent"**) (collectively "the Patents").  (*Id.* at 3-4.)   The Patents purportedly protect Plaintiff's inventions, which include water-resistant and impact-resistant cases for electronic devices, such as the iPhone.  (*Id.* at 3.)  Plaintiff alleges that the Patents are infringed by Defendant's manufacture, use and sale of its iPhone 4 LifeProof Case, iPad 2 LifeProof Case, Swimming Headphone Adapter, and/or General Use Headphone Adapter.  (*Id.*)

In late 2012, Defendant began selling two new products known as the iPod Gen 4 case and the "Frë." (ECF No. 116 at 7.)  Both these products protect the iPod4 and iPhone 5, respectively.  (*Id.*)  On November 28, 2012, Plaintiff filed its Complaint in OtterBox II against Defendant alleging that these new products infringe the same three patents previously asserted in OtterBox I.  (ECF No.1.)

The Motion before the Court, therefore, addresses whether OtterBox I should be consolidated with OtterBox II.

## II. STANDARDS

Rule 42(a) of the Federal Rules of Civil Procedure provides for the consolidation of actions involving "a common question of law or fact."  The decision whether to

consolidate actions involving "common questions of law or fact is committed to the sound discretion of the district court." *C.T. v.. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (*citing Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978); *Touchstone Group, LLC v. Rink, No.* 11-cv-2971, 2012 WL 2921223, at *2 (D. Colo. July 16, 2012) (stating that a district court judge has broad discretion on whether to consolidate an action.)

"In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation." *C.T.*, 562 F. Supp. 2d at 1346. "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Id. See also Firstier Bank, Kimball, Neb. v. F.D.I.C. ex rel. Firstier Bank, Louisville, Colo.*, 2012 WL 1621008, at *2 (D. Colo. May 8, 2012) (*citing Emp'rs Mut. Cas. Co. v. W. Skyways, Inc.*, 2010 WL 2035577, at *1 (D.Colo. May 21, 2010); *Kirzhner v. Silverstein*, No. 09-cv-2858, 2011 WL 3568265, at *2 (D. Colo. Aug. 15, 2011).

### III. ANALYSIS

**A.   Common Issues of Fact and Law**

The Court finds common issues of fact and law favor consolidation. First, the Patents in both cases are identical. The '976 patent, '512 patent and the '376 patent are all pled in the OtterBox I Complaint. (ECF No. 1 at 3-4.) The same patents are pled in OtterBox II. (ECF No. 1 at 4-5.) Based on these patents, Plaintiff claims infringement and relief that is very similar in both cases: damages and injunctive relief. Accordingly,

given the sameness in the Patents and the relief sought, such commonality sways in favor of granting Plaintiff's Motion.[1]

Second, the alleged infringing products in both cases are similar. Like the accused products in OtterBox I, the two new products in OtterBox II are protective cases for Apple products (*i.e.,* the iPhone 5 and the iPod). (ECF No. 116 at 4.) As asserted by Plaintiff, these products have "flexible membranes covering their touch screens, which are waterproof and resistant to impacts and crushing forces." (*Id.*) To the extent that differences do exist in the materials in the newly accused devices, the Court finds that this should not preclude consolidation. The merits of the specific materials used in the new products (and whether they infringe) are to be addressed at another time, not in the instant order. *See In re Cendent Corp. Litigation*, 182 F.R.D. 476, 478 (D.N.J. 1998) (Rule 42 does not demand "that actions be identical before they may be consolidated").

Because of the commonality of the fact and law presented by the Patents, consolidation of the cases is apt, and will be granted in Plaintiff's favor.

B.     **Judicial Economy and Efficiency**

Considerations of judicial economy also favor the Motion to Consolidate. The reasons are three-fold. First, the parties in both cases are the same. This is relevant to

---

[1] Defendant's contention with respect to the differences in damages—*i.e.,* reasonable royalty and lost profits—has merit, particularly with what was said before Magistrate Judge Kathleen M. Tafoya on the record. (ECF No. 123 at 5; ECF No. 123-2 at 49.) The Court finds, though, that the point of difference as to damages is not so significant to make the relief dissimilar for the purposes of consolidation.

case management for the parties' pre-trial discovery, among other things.[2]  In short, it makes sense to consolidate so depositions are not duplicated.  As for expert witnesses, judicial efficiency is also best served by consolidation.  And to the extent that differences exist between the products in the two cases, the Court assumes that the experts will be able to parse the differences in the products and present them before the Court in due course.  Given the parties are the same, and because deposition testimony can be harmonized by consolidation, this points towards granting Plaintiff's Motion to Consolidate.

Second, the judicial officers in both cases are the same.  This further strengthens the argument for consolidation because each judicial officer is already apprised of the similarities and differences that exist in the cases (at least at this juncture).  As such, this should allay the parties' concerns regarding consolidation, not heighten them.

Third, the Court notes that it has given weight to Defendant's compromised position—*i.e.* that consolidation may be better suited once OtterBox II reaches the same "procedural posture" as OtterBox I.  (ECF No. 123.)  The cases cited by Defendant were also helpful in providing guidance.[3]  *Schact v. Javits,* 53 F.R.D. 321, 325 (S.D.N.Y. 1971) ("[P]roper judicial administration does not recommend consolidation where two

---

[2] The Court notes that if the cases are not consolidated, the same "OtterBox witnesses would have to testify at both trials about issues such as the conception and reduction to practice of the inventions claimed" in each suit.  (ECF No. 116 at 6.)  The same also applies to witnesses going to the alleged 'pioneering nature' of the inventions.

[3] Compromise between the parties is always encouraged.  Compromise allows the parties to focus on those points that count, allowing the merits of the case to be better assessed.  Given the many issues that arise in patent litigation, this would seem most apt.

actions are at such widely separate stages of preparation.")  However, here, the procedural posture between the two cases is not so extreme so to foreclose consolidation of the cases.  Indeed, the posture of the cases point towards it.

**C.     Consolidation and Prejudice to the Parties**

This consideration is more balanced.  The crux of Defendant's position is that because it has filed a Rule 12(c) Motion in OtterBox II—seeking judgment on the pleadings—that Motion should be disposed of before any consolidation of the cases. (ECF No. 18).  Specifically, and based on the pleadings in OtterBox II, Defendant asserts that both the '976 and '512 patents are invalid pursuant to 35 U.S.C. §§ 102(f) and 116 (inventorship).  Defendant further asserts that Plaintiff is precluded from correcting its mistakes by the doctrines of laches, equitable estoppel and judicial estoppel. (ECF No. 18 at 2.)

But without addressing the merits of the Rule 12(c) Motion, a contest going to inventorship—pursuant to 35 U.S.C. §§ 102(f) and 116—would as much be relevant to OtterBox II as it would be OtterBox I.  The patents in both cases are identical.  By consolidating the cases, Defendant's Rule 12(c) Motion could 'kill two birds with one stone'—particularly if the Motion is ripe (and raised) in a consolidated case.  This outcome could streamline the consolidated case before it ensues further in these proceedings.

### D.      Conclusion on Balancing

In sum, the Court concludes that the similarities in the two actions—and the judicial efficiencies to be gained by their consolidation—outweigh any basis for permitting the two cases run parallel as separate actions.  Plaintiff has not only shown common questions of fact and law, but there is minimal (if any) prejudice to the parties should consolidation be granted.

### IV. CONCLUSION

It is therefore ORDERED that Civil Action No. 12-cv-03115-WJM-KMT shall be consolidated with Consolidated Civil Action No. **1:11-cv-02180-WJM-KMT** for all purposes, and future filings in this action **shall contain the caption as set forth above and shall be docketed under Civil Action No. 1:11-cv-02180-WJM-KMT.**

It is FURTHER ORDERED that U.S. Magistrate Judge Kathleen M. Tafoya will remain as the sole referral Magistrate Judge in the consolidated action.  Magistrate Judge Tafoya will remain designated to conduct NDISPO proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b).

Dated this 7th day of February, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge